700 A.2d 372

ALLSTATE INSURANCE CO., PLAINTIFF–RESPONDENT,
v. ORTHOPEDIC EVALUATIONS, INC., DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 9, 1996—Decided May 2, 1997—Remanded
by Supreme Court July 11, 1997—Resubmitted August
21, 1997—Decided September 12, 1997.

Before Judges HAVEY, BROCHIN and KESTIN.

*Verde, Steinberg & Pontell*, attorneys for appellant (*Steven Pontell*, of counsel and, with *Ronald A. Berutti*, on the brief).

*Green, Lundgren & Ryan*, attorneys for respondent (*Peter P. Green, Frank P. Brennan* and *Amanda W. Figland*, on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

After we affirmed the trial court's grant of summary judgment to plaintiff in an opinion published at 300 *N.J.Super.* 510, 693 *A.*2d 500, defendant, Orthopedic Evaluations, Inc. (OEI), filed a petition for certification and a motion to expand the record. The Supreme Court denied the motion and granted the petition for certification, summarily remanding the matter for us "to consider defendant's claim that its operations are covered by the State Board of Chiropractic Examiners rather than the State Board of Medical Examiners. *See N.J.S.A.* 45:9–41.18, 23, and 25." *Allstate Ins. Co. v. Orthopedic Evaluations, Inc.,* 151 *N.J.* 67, 697 *A.2d* 541 (1997).

The issue on remand had not previously been raised. We therefore established an expedited schedule for the filing of briefs.

After considering the arguments advanced, we adhere to our determination that plaintiff is entitled, as a matter of law, to the declaratory judgment it has sought.

The new argument defendant presents, that *N.J.A.C.* 13:35–2.5 "does not apply to services performed by OEI at the prescription of doctors of chiropractic," is based upon the representation that "approximately eighty-nine percent of all services performed by OEI within the State were at the prescription of doctors of chiropractic, and not plenary licensed physicians." For the purposes of this opinion we take that representation to be factual, notwithstanding the denial of OEI's motion to expand the record.

The essence of the argument is that when, by *L.* 1989, *c.* 153, the Legislature transferred regulation of the practice of chiropractic from the Board of Medical Examiners to the Board of Chiropractic Examiners, *see N.J.S.A.* 45:9–41.17 to –41.27 (Chiropractic Board Act), the overall authority of the Board of Medical Examiners "to regulate the practice of medicine and allied professions," *Del Tufo v. J.N.,* 268 *N.J.Super.* 291, 296, 633 *A.*2d 572 (App.Div. 1993); *see also Brodie v. Board of Medical Examiners,* 177 *N.J.Super.* 523, 529, 427 *A.*2d 104 (App.Div.), *certif. denied,* 87 *N.J.* 386, 434 *A.*2d 1068 (1981), was concomitantly narrowed in all related respects.

■ We reject that argument. It is clear from the provisions of the Chiropractic Board Act that the authority of the Board of Chiropractic Examiners is limited to the licensure and regulation of practitioners of chiropractic. That act reveals no design, either apparent or implicit, to constrict the plenary authority of the Board of Medical Examiners over activities allied with the medical profession, except with respect to qualification for the practice of chiropractic and the conduct of licensed practitioners of that profession. Further, none of the regulations promulgated by the Board of Chiropractic Examiners, *N.J.A.C.* 13:44E–1.1 to –2.14, purports to apply to any persons or entities other than chiropractic physicians or to any activities other than the practice of chiropractic alone.

Neither OEI nor any of its principals or employees is engaged in the practice of chiropractic. Thus, because they perform health services, they function in an "allied profession[ ]" which, in the absence of a statute with a specific limitation, is subject to the authority of the Board of Medical Examiners. *See Del Tufo v. J.N., supra,* 268 *N.J.Super.* at 296, 633 *A.2d* 572. Manifestly, therefore, the regulation at issue, *N.J.A.C.* 13:35–2.5, applies to them and the activities they conduct.

■ OEI, its principals and its employees may not avoid the broad regulatory authority of the Board of Medical Examiners simply because of the fortuitous statistic that most of the services OEI performs are rendered for chiropractic physicians. With respect to the application of *N.J.A.C.* 13:35–2.5, that circumstance is of no consequence. To credit the argument advanced would impermissibly and unwisely confine the authority of the Board of Medical Examiners in regulating persons and entities who perform allied health services and the activities in which they engage. Absent specific statutory limitation, the public interest requires that the regulatory authority of the Board of Medical Examiners continue to be as plenary as envisaged in its enabling legislation, *N.J.S.A.* 45:9–1 to –27.9, –37.35 to –37.50, –42.1 to –42.25. Whether or not a person or entity is subject to the regulatory authority of the Board of Medical Examiners is determined by the nature of the activity the regulated person or entity performs, not the identity of those to whom it may offer or render its services.

Affirmed.